An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DANNY L. HUGHES,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
PATRICK FLANAGAN, DISTRICT
JUDGE,
Respondents,
and
KAREN H. JOHNSON; WILLIAM B.
JOHNSON, A HUSBAND AND WIFE
D/B/A JOHNSON BEARING SUPPLY,
AND U.S. COLLARS LTD.,
Real Parties in Interest.

No. 65614

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original proper person petition for a writ of mandamus seeking the disqualification of the district court judge.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court has the discretion to determine whether a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

14-19301

Here, petitioner again seeks disqualification of the district court judge assigned to his case, the same relief he previously sought in *Hughes v. District Court (Johnson)*, Docket No. 65150 (order denying petition filed April 11, 2014). But as in Docket No. 65150, petitioner's appendix provides no indication that he filed an appropriate motion under NRS 1.235 to disqualify the district court judge in the district court or that any such motion, if filed, has been denied or otherwise ruled on. We remind petitioner that, when seeking to disqualify a district court judge, he must first file a motion to disqualify the judge in the district court that "specifi[es] the facts upon which the disqualification is sought" and not merely a peremptory challenge. NRS 1.235(1). Without doing so, we have no cause to consider a petition for extraordinary writ relief because the district court has not considered such a motion and has not entered an order denying such a motion. Thus, as before, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted. NRAP 21(a)(4); *Pan*, 120 Nev. at 228, 88 P.3d at 844; *see also* NRAP 21(b)(1). Accordingly, we

ORDER the petition DENIED.

_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc: Hon. Patrick Flanagan, District Judge
Danny L. Hughes
Goedert & Associates
Washoe District Court Clerk